Talina NEZAJ, Petitioner,

v.

Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.

No. 07–0923–ag.

United States Court of Appeals, Second Circuit.

Oct. 24, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Sandy Khine, New York, NY, for Petitioner.

Hannah Baublitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. (Michelle Gorden Latour, Assistant Director, on the brief), for Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Talina Nezaj, a native and citizen of Albania, seeks review of a February 9, 2007 order of the BIA affirming the July 15, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying Nezaj's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nezaj,* No. A 97 980 408 (B.I.A. Feb. 9, 2007), *aff'g* No. A 97 980 408 (Immig. Ct. N.Y. City July 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, as it did here, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).

The agency denied Nezaj's applications for relief in part based on its finding that, even if she had suffered past persecution, the country conditions in Albania had significantly changed such that Nezaj no longer possessed a well-founded fear of persecution. As Nezaj failed to challenge this finding in her brief to this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because this finding provided an independent and dispositive basis for denying her asylum claim, *see* 8 C.F.R. § 1208.13(b)(1)(i), we

698

deny Nezaj's petition for review with respect to her asylum claim. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006) (declining to reach the merits of an IJ's adverse credibility finding "because the material political changes that have taken place within Albania make [the petitioner] ineligible for asylum and withholding of removal").

Because Nezaj was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or relief under the CAT, where all three claims were based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *see also* 8 C.F.R. § 1208.16(b)(1) (for withholding of removal, the presumption of threat to the life or freedom based on past persecution may be overcome by "a fundamental change in circumstances"); 8 C.F.R. § 1208.16(c)(3)(ii)–(iv) (for CAT relief, country conditions must be considered to determine the likelihood of torture upon removal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.